1   TOWNSEND AND TOWNSEND AND CREW LLP
    GREGORY S. GILCHRIST (Bar # 111536)
2   GIA L. CINCONE (Bar # 141668)
    RAQUEL PACHECO (Bar # 245328)
3   Two Embarcadero Center, 8th Floor
    San Francisco, California 94111
4   Telephone: (415) 576-0200
    Facsimile: (415) 576-0300
5   Email: gsgilchrist@townsend.com,
    glcincone@townsend.com, rpacheco@townsend.com
6
    Attorneys for Plaintiff
7   LEVI STRAUSS & CO.

8

9                   UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   LEVI STRAUSS & CO.,                    CV Case No. 08        2624

13                 Plaintiff,               **COMPLAINT FOR TRADEMARK
                                            INFRINGEMENT, TRADEMARK**
14            v.                            **DILUTION, AND UNFAIR
                                            COMPETITION (INJUNCTIVE**
15   KOOKS CO., LTD.,                       **RELIEF SOUGHT)**

16                 Defendant.               **JURY TRIAL DEMAND**

17

18
        Plaintiff Levi Strauss & Co. ("LS&CO.") complains against defendant Kooks Co., Ltd.
19
    ("Kooks") as follows:
20
                **JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**
21
        1.      Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the
22
    Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et
23
    seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b)
24
    (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121
25
    (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28
26
    U.S.C. § 1367.
27
        2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant transacts
28
    affairs in this district and because a substantial part of the events giving rise to the claims asserted

COMPLAINT                        - 1 -                    Levi Strauss & Co. v. Kooks Co., Ltd.
                                                         Case No. _____

1    arose in this district.

2         3.     Intra-district assignment to any division of the Northern District is proper under Local

3    Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

4                                        **PARTIES**

5         4.     LS&CO. is a Delaware corporation which has its principal place of business at Levi's

6    Plaza, 1155 Battery Street, San Francisco, California 94111. Operating since approximately the

7    1850's, LS&CO. is one of the oldest and most well known apparel companies in the world. It

8    manufactures, markets and sells a variety of apparel, including its traditional denim blue jean

9    products.

10        5.     LS&CO. is informed and believes that defendant Kooks Co., Ltd. is a business entity

11   with its principal place of business at 431 Washington Street, New York, New York 10013-1722.

12   LS&CO. is informed and believes that Kooks manufactures and sells a line of clothing, including

13   jeans, that is offered for sale or sold in this judicial district and throughout the United States. LS&CO.

14   is further informed and believes that Kooks has authorized, directed, and/or actively participated in the

15   wrongful conduct alleged herein.

16                  **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

17   **LS&CO.'s Use Of Its Trademarks**

18        6.     LS&CO. marks its LEVI'S® brand products with a set of trademarks that are famous

19   around the world. For many years prior to the events giving rise to this Complaint and continuing to

20   the present, LS&CO. annually has spent great amounts of time, money, and effort advertising and

21   promoting the products on which its trademarks are used and has sold many millions of these products

22   all over the world, including throughout the United States and in California. Through this investment

23   and large sales, LS&CO. has created considerable goodwill and a reputation for quality products.

24   LS&CO. continuously has used these trademarks, some for well over a century, to distinguish its

25   products.

26        7.     Most of LS&CO.'s trademarks are federally registered; all are in full force and effect,

27   and exclusively owned by LS&CO. LS&CO. continuously has used each of its trademarks, from the

28   registration date or earlier, until the present and during all time periods relevant to LS&CO.'s claims.

1  **LS&CO.'s Tab Device Trademark**

2  8.    Among its marks, LS&CO. owns the famous Tab Device Trademark (hereinafter the

3  "Tab trademark"), which consists of a small marker of textile or other material sewn into one of the

4  regular structural seams of the garment. LS&CO. first used the Tab trademark in 1936 to identify

5  genuine LEVI'S® products.

6  9.    LS&CO. began to display the Tab trademark on the rear pocket of its pants in 1936

7  when LS&CO.'s then National Sales Manager, Leo Christopher Lucier, proposed placing a folded

8  cloth ribbon in the structural seams of the rear pocket. The purpose of this "tab" was to provide "sight

9  identification" of LS&CO.'s products. Given the distinctiveness of the Tab trademark, Mr. Lucier

10  asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an

11  outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the

12  customer." Examples of the Tab trademark as used on LEVI'S® jeans are attached as Exhibit A.

13  10.    LS&CO. owns, among others, the following United States Registrations for its Tab

14  trademark, attached as Exhibit B:

15      a.    Registration No. 356,701 (first used as early as September 1, 1936; registered

16  May 10, 1938);

17      b.    Registration No. 516,561 (first used as early as September 1, 1936; registered

18  October 18, 1949);

19      c.    Registration No. 577,490 (first used as early as September 1, 1936; registered

20  July 21, 1953);

21      d.    Registration No. 774,625 (first used as early as May 22, 1963; registered

22  August 4, 1964);

23      e.    Registration No. 775,412 (first used as early as October 9, 1957; registered

24  August 18, 1964); and

25      f.    Registration No. 1,157,769 (first used as early as September 1, 1936; registered

26  June 16, 1981).

27  These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

28

COMPLAINT                                  - 3 -                    Levi Strauss & Co. v. Kooks Co., Ltd.
                                                                    Case No. _____

1    **Defendant's Infringement of LS&CO.'s Trademark**

2         11.    LS&CO. is informed and believes that Kooks has in the past and continues to

3    manufacture, source, market and/or sell clothing, including denim jeans, that infringes and dilutes

4    LS&CO.'s Tab trademark (hereinafter the "infringing products").

5         12.    In particular, LS&CO. is informed and believes that Kooks produces, manufactures,

6    sources, markets, designs, offers and/or sells clothing under the brand name NUMBER (N)INE that

7    displays tabs that are confusingly similar to LS&CO.'s Tab trademark. These infringing designs

8    include, without limitation, the example illustrated in Exhibit C, which is referred to hereinafter as the

9    "Kooks tab." The Kooks tab, as used by Kooks, is confusingly similar to LS&CO.'s Tab trademark.

10        13.    LS&CO. is informed and believes that Kooks has produced, manufactured, designed,

11   marketed, offered for sale and sold substantial quantities of infringing products bearing the Kooks tab,

12   and has obtained and continues to obtain substantial profits from such sales.

13        14.    Kooks' actions have caused and will cause LS&CO. irreparable harm for which money

14   damages and other remedies are inadequate. Unless Kooks is restrained by this Court, Kooks will

15   continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause

16   great and irreparable damage and injury to LS&CO. by, among other things:

17             a.    Depriving LS&CO. of its statutory rights to use and control use of its

18                   trademark;

19             b.    Creating a likelihood of confusion, mistake and deception among consumers

20                   and the trade as to the source of the infringing products;

21             c.    Causing the public falsely to associate LS&CO. with Kooks or vice versa;

22             d.    Causing incalculable and irreparable damage to LS&CO.'s goodwill and

23                   diluting the capacity of its trademark to differentiate LEVI'S® products from

24                   others; and

25             e.    Causing LS&CO. to lose sales of its genuine clothing products.

26        15.    Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and

27   permanent injunctive relief against Kooks and all persons acting in concert with it.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

16.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 15 of this Complaint.

17.     Without LS&CO.'s consent, Kooks has used, in connection with the sale, offering for sale, distribution or advertising of Kooks' goods, designs that infringe upon LS&CO.'s registered Tab trademark.

18.     These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

19.     As a direct and proximate result of Kooks' infringing activities, LS&CO. has suffered substantial damage.

20.     Kooks' infringement of LS&CO.'s trademark as alleged herein is an exceptional case and was intentional, entitling LS&CO. to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

21.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 20 of this Complaint.

22.     Kooks' conduct constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Kooks' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of LS&CO. and in violation of 15 U.S.C. § 1125(a)(1).

23.     As a direct and proximate result of Kooks' infringing activities, LS&CO. has suffered substantial damage.

1    **THIRD CLAIM**

2    **FEDERAL DILUTION OF FAMOUS MARK**
     **(Federal Trademark Dilution Act of 1995)**

3    **(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

4    24.    LS&CO. realleges and incorporates by reference each of the allegations contained in

5    paragraphs 1 through 23 of this Complaint.

6    25.    LS&CO.'s Tab trademark is distinctive and famous within the meaning of the Federal

7    Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

8    26.    Kooks' activities have diluted or are likely to dilute the distinctive quality of LS&CO.'s

9    trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as

10   amended.

11   27.    LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

12   28.    Because Kooks willfully intended to trade on LS&CO.'s reputation or to cause dilution

13   of LS&CO.'s famous trademark, LS&CO. is entitled to damages, extraordinary damages, fees and

14   costs pursuant to 15 U.S.C. § 1125(c)(2).

15   **FOURTH CLAIM**

     **CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**

16   **(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

17   29.    LS&CO. realleges and incorporates by reference each of the allegations contained in

18   paragraphs 1 through 28 of this Complaint.

19   30.    Kooks' infringement of LS&CO.'s federal registered trademark is likely to cause

20   consumer confusion and dilution of LS&CO.'s trademark in violation of California Business &

21   Professions Code §§ 14320, 14330, and 14335.

22   31.    Kooks infringed and diluted LS&CO.'s Tab trademark with knowledge and intent to

23   cause confusion, mistake or deception.

24   32.    Kooks' conduct is aggravated by that kind of willfulness, wantonness, malice and

25   conscious indifference to the rights and welfare of LS&CO. for which California law allows the

26   imposition of exemplary damages.

27   33.    Pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to

28   injunctive relief and damages in the amount of three times Kooks' profits and three times all damages

1    suffered by LS&CO. by reason of Kooks' manufacture, use, display or sale of infringing goods.

2                                   **FIFTH CLAIM**
                          **CALIFORNIA UNFAIR COMPETITION**
3                            (Cal. Bus. & Prof. Code § 17200)

4       34.    LS&CO. realleges and incorporates by reference each of the allegations contained in

5    paragraphs 1 through 33 of this Complaint.

6       35.    Kooks' infringement of LS&CO.'s Tab trademark constitutes "unlawful, unfair or

7    fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within

8    the meaning of California Business & Professions Code § 17200.

9       36.    As a consequence of Kooks' actions, LS&CO. is entitled to injunctive relief and an

10   order that Kooks disgorge all profits on the manufacture, use, display or sale of infringing goods.

11                              **PRAYER FOR JUDGMENT**

12      WHEREFORE, LS&CO. prays that this Court grant it the following relief:

13      37.    Adjudge that LS&CO.'s Tab trademark has been infringed by Kooks in violation of

14   LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

15      38.    Adjudge that Kooks has competed unfairly with LS&CO. in violation of LS&CO.'s

16   rights under common law, 15 U.S.C. § 1125(a), and/or California law;

17      39.    Adjudge that Kooks' activities are likely to, or have, diluted LS&CO.'s famous Tab

18   trademark in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(c), and/or California

19   law;

20      40.    Adjudge that Kooks and each of its agents, employees, attorneys, successors, assigns,

21   affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any

22   person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the

23   pendency of this action and thereafter permanently from:

24             a.    Manufacturing, producing, sourcing, importing, selling, offering for sale,

25   distributing, advertising, or promoting any goods that display any words or symbols that so resemble

26   LS&CO.'s Tab trademark as to be likely to cause confusion, mistake or deception, on or in connection

27   with any product that is not authorized by or for LS&CO., including without limitation any product

28   that bears the Kooks tab or any other confusingly similar approximation of LS&CO.'s Tab trademark;

COMPLAINT                          - 7 -              Levi Strauss & Co. v. Kooks Co., Ltd.
                                                            Case No. _____

1            b.     Using any word, term, name, symbol, device or combination thereof that causes

2 or is likely to cause confusion, mistake or deception as to the affiliation or association of Kooks or its

3 goods with LS&CO. or as to the origin of Kooks' goods, or any false designation of origin, false or

4 misleading description or representation of fact;

5            c.     Further infringing the rights of LS&CO. in and to any of its trademarks in its

6 LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

7            d.     Otherwise competing unfairly with LS&CO. in any manner; and

8            e.     Continuing to perform in any manner whatsoever any of the other acts

9 complained of in this Complaint;

10      41.     Adjudge that Kooks be required immediately to supply LS&CO.'s counsel with a

11 complete list of individuals and entities from whom or which it purchased, and to whom or which it

12 sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this

13 Complaint;

14      42.     Adjudge that Kooks be required immediately to deliver to LS&CO.'s counsel its entire

15 inventory of infringing products, including without limitation pants and any other clothing, packaging,

16 labeling, advertising and promotional material and all plates, patterns, molds, matrices and other

17 material for producing or printing such items, that is in Kooks' possession or subject to its control and

18 that infringes LS&CO.'s Tab trademark as alleged in this Complaint;

19      43.     Adjudge that Kooks, within thirty (30) days after service of the judgment demanded

20 herein, be required to file with this Court and serve upon LS&CO.'s counsel a written report under

21 oath setting forth in detail the manner in which it has complied with the judgment;

22      44.     Adjudge that LS&CO. recover from Kooks its damages and lost profits in an amount to

23 be proven at trial,

24      45.     Adjudge that Kooks be required to account for any profits that are attributable to its

25 illegal acts, and that LS&CO. be awarded the greater of (1) three times Kooks' profits or (2) three

26 times any damages sustained by LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

27      46.     Order an accounting of and impose a constructive trust on all of Kooks' funds and

28 assets that arise out of Kooks' infringing activities;

1    47.    Adjudge that Kooks be required to pay LS&CO. punitive damages for its oppression,

2    fraud, malice and gross negligence, whether grounded on proof of actual damages incurred by

3    LS&CO. or on proof of Kooks' unjust enrichment;

4    48.    Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection

5    with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

6    49.    Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and

7    proper.

8

9    DATED: May 23, 2008                    Respectfully submitted,

10

11                                         By: _____

12                                             Raquel Pacheco
                                             TOWNSEND AND TOWNSEND AND CREW LLP
13                                           Two Embarcadero Center, Eighth Floor
                                             San Francisco, California 94111
14                                           Telephone: (415) 576-0200
                                             Facsimile: (415) 576-0300

15                                           Attorneys for Plaintiff
                                             LEVI STRAUSS & CO.
16

17

18

19

20

21

22

23

24

25

26

27

28

1           **DEMAND FOR JURY TRIAL**

2     LS&CO. demands that this action be tried to a jury.

3

4     DATED: May 23, 2008            Respectfully submitted,

5

6                                    By: 

7                                        Raquel Pacheco
                                         TOWNSEND AND TOWNSEND AND CREW LLP
                                         Two Embarcadero Center, Eighth Floor
8                                        San Francisco, California 94111
                                         Telephone: (415) 576-0200
9                                        Facsimile: (415) 576-0300

10                                       Attorneys for Plaintiff
                                         LEVI STRAUSS & CO.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          - 10 -              Levi Strauss & Co. v. Kooks Co., Ltd.
                                                                Case No.



1   TOWNSEND AND TOWNSEND AND CREW LLP
    GREGORY S. GILCHRIST (Bar # 111536)
2   GIA L. CINCONE (Bar # 141668)
    RAQUEL PACHECO (Bar # 245328)
3   Two Embarcadero Center, 8th Floor
    San Francisco, California 94111
4   Telephone: (415) 576-0200
    Facsimile: (415) 576-0300
5   Email: gsgilchrist@townsend.com, glcincone@townsend.com, rpacheco@townsend.com

6   Attorneys for Plaintiff
    LEVI STRAUSS & CO.
7

8
                          UNITED STATES DISTRICT COURT
9
                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
    LEVI STRAUSS & CO.,                    Case No.
12
                    Plaintiff,
13                                         **CERTIFICATION OF INTERESTED
                v.                         ENTITIES OR PERSONS**
14
    KOOKS CO., LTD.,
15
                    Defendant.
16

17

18          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

19   parties, there is no such interest to report.

20

21
    DATED: May 23, 2008               Respectfully submitted,
22

23                                    By:
                                          Raquel Pacheco
24                                        TOWNSEND AND TOWNSEND AND CREW LLP
                                          Two Embarcadero Center, Eighth Floor
25                                        San Francisco, California 94111
                                          Telephone: (415) 576-0200
26                                        Facsimile: (415) 576-0300

27                                        Attorneys for Plaintiff
                                          LEVI STRAUSS & CO.
28   61344905 v1

    COMPLAINT                    - 11 -        Levi Strauss & Co. v. Kooks Co., Ltd.
                                               Case No. _____



Exhibit A-1



Exhibit A-2



Exhibit A-3



Exhibit A-4



Exhibit A-5



438298

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**

**July 17, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *356,701* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *May 10, 1938*
*3rd* RENEWAL FOR A TERM OF *10* YEARS FROM  *May 10, 1998*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRAUSS & COMPANY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. WALLACE
**Certifying Officer**

**Registered May 10, 1938**

# Trade-Mark 356,701

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Francisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of February 20, 1905

Application June 30, 1937, Serial No. 394,734



## STATEMENT

To the Commissioner of Patents:

Levi Strauss & Company, a corporation duly organized under the laws of the State of California and located at city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS OF THE PATCH-POCKET TYPE, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

The trade-mark has been continuously used in the business of the applicant since on or about September 1, 1936.

In practice the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

No claim is made herein for the representation of a portion of the garment or seam shown in the drawing, these being shown merely to illustrate one manner in which the red marker or red tab may be applied to a garment. The drawing is lined for the color red.

The undersigned hereby appoints Chas. E. Townsend, whose address is 906-917 Crocker Building, San Francisco, California, its attorney with full power of substitution and revocation to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
Secretary.

Amendment

Registered May 10, 1938                                Registration No. 356,701

Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, lines 8 through 10, the description of goods is deleted and *Pants of the patch-pocket type worn by men, women and children* is inserted.

Such amendment has been entered upon the records of the Patent and Trademark Office and the said original registration should be read as so amended.

Signed and sealed this 15th day of August 1978.

[SEAL]

Attest:
JANIE COOKSEY,
*Attesting Officer.*

DONALD W. BANNER,
*Commissioner.*

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 356,701

**United States Patent and Trademark Office**

Registered May 10, 1938

10 Year Renewal

Renewal Term Begins May 10, 1998

## TRADEMARK
## PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)

1155 BATTERY STREET

SAN FRANCISCO, CA 94111, BY CHANGE OF NAME, MEROER AND CHANGE OF NAME FROM LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA

NO CLAIM IS MADE HEREIN FOR THE REPRESENTATION OF A PORTION OF THE GARMENT OR SEAM SHOWN IN THE DRAWING, THESE BEING SHOWN MERELY TO ILLUS-TATE ONE MANNER IN WHICH THE RED MARKER OR RED TAB MAY BE APPLIED TO A GARMENT.

THE DRAWING IS LINED FOR THE COLOR RED.

FOR: [MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS OF THE PATCH-POCKET TYPE] * PANTS OF THE PATCH-POCKET TYPE WORN BY MEN, WOMEN AND CHILDREN *, IN CLASS 39 (INT. CL. 25).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

SER. NO. 71-394,734, FILED 6-30-1937.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 24, 1998.*

COMMISSIONER OF PATENTS AND TRADEMARKS

436274

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

**July 16, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *516,561* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *October 18, 1949*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM   *October 18, 1989*
SECTION 8 & 15
AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED
SAID RECORDS SHOW TITLE TO BE IN:
   *STRAUSS, LEVI & CO.*
   *A DELAWARE CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
**Certifying Officer**



**Amendment**

Registered October 18, 1949                  Registration No. 516,561

Levi Strauss & Company

    Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

    In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.

    Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

    Signed and sealed this 16th day of September 1969.


[SEAL]


                                          EDWIN L. REYNOLDS,
                          *First Assistant Commissioner of Patents.*

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Renewal

Reg. No. 516,561
Registered Oct. 18, 1949
OG Date Oct. 24, 1989

## TRADEMARK
## PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111, BY MERGER WITH AND CHANGE OF NAME FROM LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA AND LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA

OWNER OF U.S. REG. NOS. 250,265 AND 413,386.

FOR: MEN'S, WOMEN'S AND CHILDREN'S JEANS AND JACKETS, IN CLASS 39 (INT. CL. 25).

FIRST USE 9-1-1936; IN COMMERCE 7-1-1937.

SER. NO. 556,108, FILED 5-3-1948.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 24, 1989.*

COMMISSIONER OF PATENTS AND TRADEMARKS



Registered Oct. 18, 1949

# Registration No. 516,561

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of 1946

Application May 3, 1948, Serial No. 556,108



**(Statement)**

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS AND JACKETS, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods by affixing permanently thereto a tab of textile material on which the trade-mark is shown, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on jackets July 1, 1937, and on overalls September 1, 1936, and first used in commerce among the several States and between the United States and foreign nations which may lawfully be regulated by Congress on jackets July 1, 1937, and on overalls September 1, 1936.

Applicant is the owner of the trade-mark, Registration No. 413,386, dated April 24, 1945, and Registration No. 250,265, dated December 4, 1928.

**(Declaration)**

D. A. Beronio, being duly sworn, deposes and says that he is the secretary of Levi Strauss & Company, the applicant named in the foregoing statement; that he believes that said corporation is the owner of the trade-mark which is in use in commerce among the several States and between the United States and foreign nations, and that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use such trade-mark in commerce which may lawfully be regulated by Congress, either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive; that the drawing and description truly represent the trade-mark sought to be registered; that the specimens show the trade-mark as actually used in connection with the goods; and that the facts set forth in the statement are true.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
*Secretary.*



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

**July 17, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *577,490* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *July 21, 1953*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM  *July 21, 1993*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRUASS & COMPANY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. WALLACE
**Certifying Officer**

Registered July 21, 1953                    **Registration No. 577,490**

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

Act of 1946

Application April 30, 1949, Serial No. 578,119



## STATEMENT

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods in the manner hereinafter set forth, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on September 1, 1936, and first used in commerce among the several States which may lawfully be regulated by Congress on September 1, 1936.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

In practice, the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the hip pockets of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

The drawing is lined for the color red.

Applicant is the owner of Trade-Mark Registration No. 356,701 issued May 10, 1938, and No. 404,248 issued November 16, 1943.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
*Secretary.*

## Amendment

Registered July 21, 1953                                Registration No. 577,490

### Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.

Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

Signed and sealed this 29th day of May 1973.

[SEAL]

Attest:
K. E. PATRICK,
*Attesting Officer.*

ROBERT GOTTSCHALK,
*Commissioner of Patents.*

**UNITED STATES**
**PATENT AND**
**★★★★ TRADEMARK OFFICE**

Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA  22202-3514
www.uspto.gov

REGISTRATION NO: 0577490       SERIAL NO: 71/578119          MAILING DATE: 03/31/2004
REGISTRATION DATE: 07/21/1953
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & COMPANY

CORRESPONDENCE ADDRESS:
JENNIFER GUNN
LEVI STRAUSS & CO.
1155 BATTERY STREET
SAN FRANCISCO, CA   94111

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1059.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
039.

GRANATA, SHARON D
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

       PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
       CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

DUPLICATE

TMLT6A (3/2003)



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**

**July 17, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *774,625* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *August 04, 1964*
*1st* RENEWAL FOR A TERM OF *20* YEARS FROM  *August 04, 1984*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *STRAUSS, LEVI OF OF DELAWARE, INC.*
   *A DELAWARE CORP.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

**T. WALLACE**
**Certifying Officer**

# United States Patent Office

**774,625**
Registered Aug. 4, 1964

## PRINCIPAL REGISTER
## Trademark

Ser. No. 171,283, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use May 22, 1963; in commerce May 22, 1963.

The mark consists of a small marker or black tab affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 356,701, 577,490, and 720,376.



438274

# THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:
#### UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

**July 16, 2001**

**THE ATTACHED U.S. TRADEMARK REGISTRATION 775,412 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.**

**REGISTERED FOR A TERM OF *20* YEARS FROM  *August 18, 1964***
***1st* RENEWAL FOR A TERM OF *20* YEARS FROM  *August 18, 1984***
**SECTION 8 & 15**
**SAID RECORDS SHOW TITLE TO BE IN:**
  ***STRAUSS LEVI & CO.***
  ***A DELAWARE CORPORATION***

**By Authority of the**
**COMMISSIONER OF PATENTS AND TRADEMARKS**

*L. Edelen*

**L. EDELEN**
**Certifying Officer**

# United States Patent Office

**775,412**
**Registered Aug. 18, 1964**

## PRINCIPAL REGISTER
## Trademark

Ser. No. 171,282, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use Oct. 9, 1957; in commerce Oct. 9, 1957.

The mark consists of a small marker or white tab with the name "Levi's" superposed thereon, which is affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 250,265, 720,376, and others.



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

#### July 17, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION 1,157,769 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *June 16, 1981*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRUASS & CO.*
   *A DELAWARE CORP.*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Wallace*
T. WALLACE
**Certifying Officer**

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,157,769
Registered Jun. 16, 1981

### TRADEMARK
Principal Register



Levi Strauss & Co. (Delaware corporation)
98 Battery St.
San Francisco, Calif. 94106, by merger and change of
name from
Levi Strauss & Co. (California corporation)
San Francisco, Calif.

For: TROUSERS, in CLASS 25 (U.S. Cl. 39).
First use Sep. 1, 1936; in commerce Sep. 1, 1936.
Owner of U.S. Reg. Nos. 356,701, 775,412 and
others.
Applicant disclaims the representation of the goods
apart from the mark as shown.
The mark consists of a small marker or tab affixed
to the exterior of the garment at the hip pocket.

Ser. No. 263,725, filed Feb. 1, 1967.

J. C. DEMOS, Deputy Director



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia    22202-3513

REGISTRATION NO: 1157769      SERIAL NO: 72263725        MAILING DATE: 09/01/2001
REGISTRATION DATE: 06/16/1981
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & CO
CORRESPONDENCE ADDRESS:

KAREN S FRANK
LEGAL STRATEGIES GROUP
5905 CHRISTIE AVENUE
EMERYVILLE CA  94608

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-
IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE
TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE REGISTRATION IS RENEWED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
039.

LEE, HAROLD D
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

   PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
   CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

TMLT6 (9/99)



## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

**April 06, 2006**

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,791,156* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM *December 09, 2003*

SAID RECORDS SHOW TITLE TO BE IN:
  *LEVI STRAUSS & CO.*
  *A DELAWARE CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

*L. Edelen*

L. EDELEN
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,791,156
Registered Dec. 9, 2003

## TRADEMARK
### PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORA-
TION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111

FOR: PANTS, JEANS, SHORTS, SHIRTS, T-
SHIRTS, BLOUSES, SKIRTS AND JACKETS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

OWNER OF U.S. REG. NOS. 1,041,846, 1,135,196,
AND 1,139,254.

THE LINING AND SHADING SHOWN IN THE
DRAWING ARE FEATURES OF THE MARK AND
NOT INTENDED TO INDICATE COLOR.

THE MARK CONSISTS OF THE COMBINATION
OF A DOUBLE ARCUATE AND TAB DESIGN
SHOWN ON THE SHAPE OF A POCKET, AS INDI-
CATED BY A SOLID LINE.

SER. NO. 78-144,339, FILED 7-16-2002.

ELLEN B. AWRICH, EXAMINING ATTORNEY





EXHIBIT C

✎ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

LEVI STRAUSS & CO.

**E-filing**

## DEFENDANTS

KOOKS CO., LTD.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
(415) 576-0200

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | Appeal to District ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sections 1114-1117; Cal. Bus. & Prof. Code Sections 14320, 14330, 14335, 17200

Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
May 23, 2008

SIGNATURE OF ATTORNEY OF RECORD