TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
GIA L. CINCONE (State Bar No. 141668)
RAQUEL PACHECO (State Bar No. 245328)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
gsgilchrist@townsend.com; glcincone@townsend.com;
rpacheco@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.


MATTHEW STAVISH (State Bar No. 15791)
BERENATO, WHITE & STAVISH, LLC
6550 Rock Spring Drive
Suite 240
Bethesda, MD 20817
Telephone 301-896-0600
Facsimile:  301-896-0607
mstavish@bwsiplaw.com

Attorneys for Defendant
KOOKS CO., LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff, <br><br> v. <br><br> KOOKS CO., LTD., <br><br> Defendant. | Case No. CV 08-2624 JCS <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date:  August 29, 2008 <br> Time:  1:30 p.m. <br> Courtroom:  A, 15th Floor <br> Hon. Magistrate Judge Joseph C. Spero |

Plaintiff Levi Strauss & Co. ("LS&CO.") and defendant Kooks Co., Ltd. ("Kooks") jointly submit this Case Management Statement and Proposed Order.

**1.    Jurisdiction and Service.**

LS&CO.'s first, second and third claims arise under the Lanham Act.  This Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and

1338(b) and 15 U.S.C. §1121, and supplemental jurisdiction over LS&CO.'s state law claims pursuant to 28 U.S.C. §1367. No issue exists as to personal jurisdiction or venue, and no parties remain to be served.

**2.     Facts and Bases for Claims and Defenses.**

<u>Plaintiff's Claims:</u>  LS&CO. is a Delaware corporation which has its principal place of business in San Francisco, California. LS&CO. is the sole owner of the Tab Device Trademark ("Tab trademark"), which LS&CO. has used continuously in interstate commerce since 1936. The Tab Trademark is federally registered and is incontestable. Examples of LS&CO.'s use of the Tab Trademark on jeans are attached to Exhibit A to the Complaint and LS&CO.'s federal and California registrations for the Tab Trademark are attached to the Complaint as Exhibit B.

Kooks Co., Ltd. is a business entity with its principal place of business at 431 Washington Street, New York, New York 10013-1722. Kooks manufactures and sells a line of clothing, including jeans, that is offered for sale or sold in this judicial district and throughout the United States. Kooks has distributed jeans that display tab designs that LS&CO. believes are confusingly similar to LS&CO.'s Tab Trademark and violate LS&CO.'s rights in its marks. LS&CO.'s complaint states claims against Kooks for trademark infringement, dilution and unfair competition under federal and California law.

<u>Defendant's Defenses:</u>  The Complaint fails to state a claim against Defendant upon which relief can be granted. Defendant has not infringed any valid trademark right of Plaintiff under the relevant *Sleekcraft* factors. Defendant has not diluted any valid trademark right of Plaintiff. Defendant has not unfairly competed with Plaintiff.

**3.     Issues in Dispute.**

The issues (both factual and legal) set forth below are not meant to be final or exhaustive, and the parties reserve their rights to reformulate these issues or include other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Furthermore, the characterization of an issue as "factual" or "legal" is not necessarily a concession that it is not the other or both.

Factual Issues:

    a. Whether Kook's manufacture, distribution, and/or sale of products bearing the tab designs at issue is likely to cause confusion, mistake or deception among consumers and potential consumers.

    b. Whether Kook's manufacture, distribution, and/or sale of products bearing the tab designs at issue dilutes or is likely to dilute LS&CO.'s Tab Trademark.

    c. Whether and to what extent LS&CO. has been damaged by Kook's manufacture, distribution, and/or sale of products bearing the tab designs at issue.

    d. The amount of profits earned by Kooks on products bearing the tab designs at issue.

    e. Whether LS&CO.'s Tab Trademark is famous.

    f. In the event the trier of fact finds that Kooks has violated any rights of LS&CO. in its Tab Trademark, has such violation been willful.

Legal Issues:

    a. Whether Kook's manufacture, distribution, and/or sale of products bearing the tab designs at issue constitutes infringement and dilution of LS&CO.'s Tab Trademark and unfair competition under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

    b. Whether Kook's manufacture, distribution, and/or sale of products bearing the stitching and/or tab designs at issue constitutes trademark infringement and unfair competition under California common law and/or Cal. Bus. & Prof. Code §§ 14320, 17200 *et seq*., and dilution of LS&CO.'s Arcuate Trademark and/or Tab Trademark under Cal. Bus. & Prof. Code § 14330.

    c. Whether LS&CO. is entitled to recovery of Kook's profits or a reasonable royalty on account of the infringement under the federal Lanham Act, 15 U.S.C. § 1117 (a) and/or common law.

**4. Motions.**

The parties anticipate that they may file dispositive motions, depending on the evidence that is produced during the discovery process.

**5.    Amendment of Pleadings.**

The parties have agreed to a deadline of November 19, 2008 to amend pleadings.

**6.    Evidence Preservation.**

LS&CO. has taken steps, including the suspension of normal document destruction programs and placement of a litigation hold for documents, including electronically stored documents, to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document destruction program and any ongoing erasure of emails, voice mails and other electronically recorded materials.

**7.    Disclosures.**

The parties have agreed to a date of September 8, 2008 for initial disclosures under Fed. R. Civ. P. 26.

**8.    Discovery.**

The parties expect to agree upon a stipulation regarding the entry of a protective order governing documents and information to be disclosed in the course of this litigation. Thereafter, the parties anticipate exchanging document requests and other written discovery and cooperating in arranging depositions of pertinent party and non-party witnesses. The parties do not propose any other changes with regard to the timing, form, or requirement for disclosures under FRCP Rule 26(a). The parties have not agreed to any limitations on the subject matter of discovery, and are to complete discovery within the time limits to be set by the court. Should the need arise at a later date to amend these deadlines, they may be modified by stipulation and order or motion supported by good cause.

**9. Class Actions.**

This is not a class action.

**10.    Related Cases.**

There are no related cases pending in this Court.

**11.    Relief.**

Pursuant to 15 U.S.C. § 1117(a), LS&CO. will seek damages in the amount of Kook's profits from the sale of infringing goods or, alternatively a reasonable royalty. Given that

discovery with respect to damages has not yet begun, LS&CO. is unable to compute damages at this time. LS&CO. may seek recovery of additional statutory penalties and punitive damages, and recovery of its attorneys' fees in the event that Kook's conduct was willful. LS&CO.'s complaint also seeks injunctive relief.

**12.    Settlement and ADR.**

The parties request referral to mediation as their ADR process.

**13.    Consent to Magistrate Judge For All Purposes.**

LS&CO. has consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment. At the present time, Kooks cannot consent to a magistrate judge.

**14.    Other References.**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues.**

The parties do not believe that the issues in dispute can at this time be narrowed.

**16.    Expedited Schedule.**

The parties do not believe that this type of case can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling.**

The parties propose the following discovery and court dates:

| | |
|---|---|
| Fact Discovery Cutoff: | February 28, 2009 |
| Expert Disclosures: | March 31, 2009 |
| Rebuttal Expert Disclosures: | April 20, 2009 |
| Expert Discovery Cut-off: | May 15, 2009 |
| Last Date for Filing of Dispositive Motions: | June 19, 2009 |
| | (to be heard July 17, 2009) |
| Final Pretrial Conference Date: | September 4, 2009 |
| Trial Date: | September 21, 2009 |

///

**18. Trial.**

The parties expect that the trial will last three to five court days. LS&CO. has demanded a jury. The parties do not believe bifurcation is a viable alternative in this case.

**19. Disclosure of Non-party Interested Entities or Persons.**

LS&CO. has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 certifying that other than the named parties there are no other interested entities or persons.

**20. Other Items.**

None.

DATED: August 21, 2008         Respectfully submitted,

By:   /s/ *Raquel Pacheco*
Raquel Pacheco
TOWNSEND AND TOWNSEND AND CREW LLP

Attorneys for Plaintiff
LEVI STRAUSS & CO.

DATED:  August 21, 2008

By:   /s/ *Matthew Stavish*
Matthew Stavish
BERENATO, WHITE & STAVISH, LLC

Attorneys for Defendant
KOOKS CO., LTD.

**GENERAL ORDER ATTESTATION**

I, Raquel Pacheco, am the ECF user whose ID and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER.** In compliance with General Order 45,X.B., I hereby attest that Matthew Stavish has concurred in this filing.

>                                                                           */s/ Raquel Pacheco*
>                                                                           Raquel Pacheco

1 **[PROPOSED] ORDER**

2 The Case Management Statement and Proposed Order is hereby adopted by the Court
3 as the Case Management Order for the case and the parties are ordered to comply with this
4 Order.

5

6 Dated: _____, 2008         _____
7                                        THE HONORABLE JOSEPH C. SPERO
                                         UNITED STATES MAGISTRATE JUDGE